UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,

v.

JOHN M. SEMBER,

            Defendant.

Case No. 3:14-cr-141

Judge Thomas M. Rose

_____

ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
GOVERNMENT'S THEORY OF KNOWING CONVERSION WITH
SPECIFIC INTENT (DOC. 126)
_____

This case is before the Court on Defendant's Motion to Dismiss Government's Theory of Knowing Conversion with Specific Intent ("Motion to Dismiss") (Doc. 126). The Superseding Indictment charges Defendant with theft of Government property under 18 U.S.C. § 641. The Government has proceeded to trial on two theories of liability under Section 641: stealing and conversion. The crime of conversion occurs when someone unlawfully exercises the right of ownership to property to the exclusion of the actual owner's rights and without the owner's authorization, thereby converting the property to his own or another's use. *See United States v. Harmon*, 339 F.2d 354, 357 (6th Cir. 1964). Defendant argues that the Government's conversion theory of liability should be dismissed because the Government failed to present evidence to the Grand Jury "upon which to conclude probable cause existed that Defendant, with specific intent, knowingly converted the data to his use or that of another." (Doc. 126 at 1.) Defendant attaches a copy of the testimony presented to the Grand Jury in support of his Motion to Dismiss, which he indicates he just received on March 30, 2016.

An indictment that is valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Short*, 671 F.2d 178, 182-83 (6th Cir. 1982). A court therefore cannot consider a

challenge to an indictment based solely on the argument that there was insufficient evidence presented to the grand jury to support the charge. *Williams*, 504 U.S. at 54 ("'[T]he mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment,' and . . . 'a challenge to the reliability or competence of the evidence presented to the grand jury' will not be heard.") (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988)). Defendant's Motion to Dismiss the Government's conversion theory is precisely the type of challenge barred under *Williams* and *Short*, and is therefore **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, April 1, 2016.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE